OPINION OF THE COURT
Alan D. Scheinkman, J.
In accordance with the rules of the Foreclosure Settlement Conference Part (hereinafter FSCP) and upon the foreclosure settlement conference held by and before David Evan Markus, Court Attorney Referee, on March 22, 2012, the said Court Attorney Referee herein reports as follows:
In this residential foreclosure action, defendant homeowners Lawrence A. Rigano, Jr. and Liane F. Rigano brought a third-party action on December 19, 2011, against the mortgage brokers, Asset Center, Inc. and Francine Silberman Disesa, asserting that such third-party defendants engaged in predatory lending practices in violation of the Home Ownership and Equity Protection Act (see 15 USC § 1639 et seq.), the Truth in Lending Act (see 15 USC § 1601 et seq.), the Deceptive Practices Act (see General Business Law § 349) and Banking Law § 6-1 et seq. (see third-party verified complaint Iffl 49-66). At the initial settlement conference in the underlying foreclosure action held on March 22, 2012, pursuant to CPLR 3408 and Uniform Rules for Trial Courts (22 NYCRR) § 202.12-a, defendants, joined by plaintiff Astoria Federal Savings and Loan Association, asserted that third-party defendants should not participate in FSCP proceedings. At oral argument on the record held on such date, third-party defendants responded that they have an absolute right to participate in the foreclosure settlement proceedings inasmuch as third-party defendants are involuntary parties to a third-party action and the stay of foreclosure proceedings during FSCP settlement discussions necessarily stays and thus affects the third-party action. Third-party defendants also asserted a due process right of notice and opportunity to be heard in the FSCP According to third-party defendants, such right includes the right to obtain, review and comment on all documents to which the Court Attorney Referee has access during *632 the statutory FSCP process, including defendants’ tax filings, proof of income, profit and loss statements, and other papers appurtenant to determining defendants’ eligibility to modify their mortgage. Third-party defendants maintain that evidence regarding defendants’ income is germane to defending the third-party action and therefore their exclusion from the settlement negotiations would be prejudicial. Plaintiff and defendants dispute these assertions and maintain that third-party defendants’ participation in FSCP discussions would chill settlement negotiations by breaching the alleged confidentiality of such records.
Whether a third-party defendant may participate in foreclosure settlement proceedings appears to be a question of first impression. While neither CPLR 3408 nor rule 202.12-a clearly addresses the issue, all sides assert that these authorities support their respective positions.
In enacting the recent foreclosure reform statutes (see L 2009, ch 507; L 2008, ch 472), the Legislature memorialized — and the Administrative Board of the Courts thereafter reaffirmed — that the purpose of a mandatory foreclosure settlement conference “pertain[s] to the relative rights and obligations of the parties under the mortgage loan documents” (CPLR 3408 [a] [emphasis added]; Uniform Rules § 202.12-a [c] [2] [same]). Court rules underscore that the intent of the mandatory foreclosure settlement conference is to determine if the borrower and lender “can reach a mutually agreeable resolution to help the [residential] defendant avoid losing his or her home” (Uniform Rules § 202.12-a [c] [2]; see also Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3408, 2012 Pocket Part, at 34). Effectuating this clear intent, statute and court rule require that “[b]oth the plaintiff and defendant shall negotiate in good faith to reach a mutually agreeable resolution, including a loan modification, if possible” (CPLR 3408 [f]; Uniform Rules § 202.12-a [c] [4]; see also HSBC Bank USA, NA. v Cayo, 34 Misc 3d 850 [Sup Ct, Kings County 2011]). This court must enforce this good-faith requirement to ensure “that conferences not be unduly delayed or subject to willful dilatory tactics so that the rights of both parties may be adjudicated in a timely manner” (Uniform Rules § 202.12-a [c] [4]).
Neither statute nor court rule appears to contemplate a third-party defendant’s participation in CPLR 3408 settlement discussions between borrowers and lenders. The mandate of good-faith negotiation — and this court’s duty to enforce it — expressly *633 applies only to a “plaintiff and defendant” (CPLR 3408 [f]; Uniform Rules § 202.12-a [c] [4]) having “rights and obligations” under the mortgage documents (CPLR 3408 [a]; Uniform Rules § 202.12-a [c] [2]). Third-party defendants have asserted no “rights [or] obligations” within the four corners of the subject mortgage documents, and thus no interest that is the proper concern of the foreclosure settlement conference. Because third-party defendants have no cognizable interest or proper role in the foreclosure settlement conference, they are not “parties” thereto within the meaning of CPLR 3408 (a) and have no right to appear or participate therein.
Moreover, both plaintiff and defendants assert, and this court agrees, that because third-party defendants’ position is adversarial to defendants’ position concerning defendants’ income and ability to satisfy the subject mortgage, third-party defendants’ participation in settlement discussions at this time substantially could inhibit free discussion of defendants’ finances and thereby frustrate the complete exchange of financial documents necessary to “good faith” loan-modification negotiations. Such transparency is this court’s duty to promote (see Uniform Rules § 202.12-a [c] [4]). Foreclosure actions are equitable in nature and trigger this court’s equitable powers (see e.g. Notey v Darien Constr. Corp., 41 NY2d 1055 [1977]; Mortgage Elec. Registration Sys., Inc. v Horkan, 68 AD3d 948 [2d Dept 2009]; Wells Fargo Bank, N.A. v Meyers, 30 Misc 3d 697 [Sup Ct, Suffolk County 2010] [equitable powers in CPLR 3408 proceedings]). Once equity is invoked, a court’s power is “as broad as equity and justice require” (Mortgage Elec. Registration Sys., Inc., 68 AD3d at 948, quoting Norstar Bank v Morabito, 201 AD2d 545, 546 [2d Dept 1994]). Because this court must deploy its equitable powers to promote the administration of justice given the purpose of CPLR 3408 and rules to facilitate effective foreclosure settlement conferences, this court is constrained to disallow third-party defendants’ participation in CPLR 3408 settlement conferences between plaintiff and defendants at this time.
This court disagrees that due process entitles third-party defendants to participate in these residential foreclosure settlement proceedings. As noted above, third-party defendants are not parties to the underlying foreclosure action and have articulated no cognizable rights or duties under the mortgage loan documents. To whatever extent third-party defendants may have an interest in the pendency of the stay in the third- *634 party action that arises from staying the underlying foreclosure action for mandatory settlement conferencing under CPLR 3408, third-party defendants have asserted no cognizable basis on which their position may be relevant to continuing or lifting such stay within the FSCP If third-party defendants wish to proceed in their cause despite such stay, they have remedies other than participating in FSCP discussions. Neither have third-party defendants articulated any cognizable prejudice in defending the third-party claims if they do not participate in the foreclosure settlement conference. Even assuming without deciding that third-party defendants are entitled to evidence pertaining to defendants’ income appurtenant to defending the third-party claims, as third-party defendants asserted at oral argument, any such entitlement would arise in CPLR article 31 disclosure motion practice relating to the third-party action, not in CPLR 3408 settlement discussions for the underlying action in which motions are stayed and there is no formal discovery (see Uniform Rules § 202.12-a [c] [7]).
For the foregoing reasons, this court finds that third-party defendants are not entitled to participate in CPLR 3408 foreclosure settlement conferences between plaintiff and defendants.